IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

PATRICIA FAILS,

    Plaintiff,

v.   CV 619-046

ANDREW M. SAUL,
Commissioner of Social Security,

    Defendant.

**ORDER**

Pursuant to the power of this Court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in Social Security actions under sentence four of 42 U.S.C. § 405(g), and in light of the Agency's request to remand this action and Plaintiff's consent thereto, this case is hereby remanded. Plaintiff also requests a hearing upon remand so she may prove that the onset of her disability was before December 15, 2015. In cases like this one, where the plaintiff's last date insured was before the date of decision, the Administrative Law Judge ("ALJ") need not provide another hearing unless he or she determines that the facts warrant one.[1] That determination will be left

---

[1]
> On remand, the [ALJ] shall offer the claimant the opportunity for a hearing except in a claim for Title II disability insurance benefits when the period at issue expired before the date of the hearing decision. . . . In [these] instances, the [ALJ] need not offer the claimant the opportunity for a hearing unless the [ALJ] finds that the facts warrant it.

Hearings, Appeals, and Litigation Law Manual ("HALLEX"), II-5-1-3, 2003 WL 25498819

to the ALJ. See, e.g., De Block v. Colvin, No. 3:13-CV-1366(LEK/ATB), 2015 WL 1178478, at *9 (N.D.N.Y. Feb. 10, 2015) (leaving decision of whether to hold hearing under HALLEX section II-5-1-3 to the Appeals Council).

Upon consideration, **IT IS ORDERED** that, upon remand, the ALJ will: (1) re-evaluate Plaintiff's mental impairments of bipolar disorder and depression; (2) state the weight given to Dr. Michael Rose's opinion, citing adequate reasons for accepting or rejecting all of the limitations contained within that opinion; (3) if necessary, obtain supplemental vocational expert testimony concerning the effect of all of Plaintiff's impairments on her ability to perform her past relevant work and/or other work; and (4) determine whether a hearing is necessary on the question of when Plaintiff's disability began.

Therefore, this Court reverses the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) with a remand of the cause to the Commissioner for further proceedings. See Shalala v. Schaefer, 509 U.S. 292 (1993); Melkonyan v. Sullivan, 501 U.S. 89 (1991). Defendant's motion to remand (Doc. 15) is **GRANTED**. The Clerk of the Court **SHALL** enter a separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**ORDER ENTERED** at Augusta, Georgia, this 30th day of January, 2020.

                                                                    J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA