UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| PATRICIA FAILS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV619-046 |
| | ) | |
| KILOLO KIJAKAZI,[1] | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Before the Court are Plaintiff's motions for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), doc. 23, and the Social Security Act, doc. 24. The Commissioner does not oppose the requests. *See* docs. 23 & 24; *see also* S.D. Ga. L. Civ. R. 7.5. For the reasons set forth below, it is **RECOMMENDED**[2] that plaintiff's motions be **GRANTED**. Docs. 23 & 24.

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security and has been substituted for Acting Commissioner Andrew M. Saul as the defendant in this suit pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

[2] The Federal Rules of Civil Procedure establish that the Court "may refer a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter." Fed. R. Civ. P. 54(d)(2)(D). When considering a dispositive pretrial matter assigned "without the parties' consent," pursuant to Rule 72, "[t]he magistrate judge must enter a recommended disposition." Fed. R. Civ. P. 72(b)(1).

I.   BACKGROUND

The District Judge, on the Commissioner's motion, remanded plaintiff's social security appeal to the agency for further consideration pursuant to sentence four of 42 U.S.C. § 405(g), and judgment was entered in plaintiff's favor.  Docs. 17 (Remand Order) & 18 (Judgment). Plaintiff then filed a Motion for Attorney Fees pursuant to the EAJA, doc. 19 and later filed another Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b), doc. 20.  The Court dismissed those motions and directed the parties to confer to "determine if they can reach an agreement regarding the applicable structure which should be applied in assessing fees." Doc. 21 at 1-2.  Plaintiff refiled both motions indicating the Commissioner's consent.  *See* docs. 23 & 24.  Plaintiff's counsel seeks $8,236.50 in attorney's fees under the EAJA for 39.94 hours of work, doc. 23-1 at 5, and $17,022.90 in attorney's fees pursuant to 42 U.S.C. § 406(b), doc. 24 at 1; *see also* doc. 24-1 at 2.

II.   ANALYSIS

Attorney's fee awards in Social Security cases are governed by two statutes, 28 U.S.C. § 2412 of the EAJA and 42 U.S.C. § 406(b).  *See Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010).

2

"Under the EAJA, a party that prevails against the United States in court may be awarded fees . . . if the government's position in the litigation was not 'substantially justified.'" *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010) (citing 28 U.S.C. § 2412(d)(1)(A)). A plaintiff who wins remand pursuant to sentence four of 42 U.S.C. § 405(g) is a "prevailing party." *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993). A prevailing party may file a motion for attorney's fees under the EAJA up to 90 days after entry of judgment. *Newsome v. Shalala*, 8 F.3d 775, 779 (11th Cir. 1993). Where an award is appropriate, the Court must also determine whether the number of hours counsel claims to have expended on the matter, counsel's requested hourly rate, and the resulting fees are all reasonable. *See Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988).

Additionally, counsel may seek a reasonable contingency fee pursuant to 42 U.S.C. § 406(b) not in excess of "25 percent of the total of the past-due benefits to which the claimant is entitled." *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1276 (11th Cir. 2006) (per curiam) (citing § 406(b)(1)(A)). "Assuming that the requested fee is within the 25 percent limit, the court must then determine whether 'the fee sought is reasonable for the services rendered.'" *Jackson v. Comm'r of Soc. Sec.*,

3

601 F.3d at 1271 (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)). Courts may reduce the requested fee if the representation has been substandard, if the attorney has been responsible for delay, or if the benefits are large in comparison to the amount of time the attorney spent on the case. *Id.* The fee is payable "out of, and not in addition to, the amount of the past-due benefits." *Gisbrecht*, 535 U.S. at 795.

As for the request under the EAJA, Plaintiff is a prevailing party and her request is timely. *Compare* doc. 18 (Judgment entered January 30, 2020) *with* doc. 19 (initial EAJA motion filed April 23, 2020). She has also demonstrated that the Commissioner's position was not substantially justified. This is evidenced perhaps most strongly by the Court's Order remanding the case to the agency for an ALJ to "re-evaluate Plaintiff's mental impairments of bipolar disorder and depression; (2) state the weight given to Dr. Michael Rose's opinion, citing adequate reasons for accepting or rejecting all of the limitations contained within that opinion; (3) if necessary, obtain supplemental vocational expert testimony concerning the effect of all of Plaintiff's impairments on her ability to perform her past relevant work and/or other work; and (4) determine whether a hearing is necessary on the

question of when Plaintiff's disability began." Doc. 17 at 2. Moreover, the Commissioner does not oppose the request for fees and has therefore not refuted the plaintiff's assertion that the agency's decision was not substantially justified. *See* doc. 23. The Court should find that Plaintiff is entitled to an award pursuant to the EAJA.

The Court should also find that the requested EAJA fees are reasonable. EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean*, 863 F.2d at 773. In the Eleventh Circuit, "[t]he court, either trial or appellate, is itself an expert on the question of [attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees . . . ." *Norman v. Hous. Auth. Of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (citations omitted). Under the EAJA, fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A).

First, the number of hours expended on this case by Plaintiff's counsel appears reasonable. Counsel seeks reimbursement for 39.94 total hours. *See* doc. 23-3. The transcript totaled 1078 pages, *see* doc. 9-1, and counsel distilled that record down into a 22-page brief containing several arguments, *see* doc. 13. The arguments were so persuasive the Commissioner did not file any opposition but sought remand. Doc. 15. The proposed hourly rates ranging from $205.60 to $207.11, which Plaintiff points out are "at the EAJA cap adjusted to account for the increase in the cost of living," doc. 23-1 at 4, also appear reasonable and are supported by the record. *See* docs. 23-3, 23-4, 23-5, 23-6, 23-7; *see also* 28 U.S.C. § 2412(d)(2)(A) (expressly contemplating cost of living increases as justifying an hourly rate higher than $125). The Court should, therefore, **GRANT** Plaintiff's Unopposed Motion for Attorney's Fees under the EAJA and award Plaintiff[3] $8,236.50 in attorney's fees. Doc. 23.

---

[3] Plaintiff indicates in her motion that she and her counsel have entered into an assignment agreement. Doc. 23. In *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010), the Supreme Court held that an EAJA award "is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." Based on *Ratliff*, the proper course is to "award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees." *Bostic v. Comm'r of Soc. Sec.*, 858 F. Supp. 2d 1301, 1306

Plaintiff's counsel also seeks attorney's fees pursuant to 42 U.S.C. § 406(b) since, on remand, the Social Security Administration awarded Plaintiff past due benefits. Doc. 24; *see also* doc. 24-1 at 2. The amount requested, $17,022.90, is less than 25 percent of the total past due benefits awarded. Doc. 24-1 at 1-2; *see also* doc. 24-2 (awarding $70,744 for benefits due through November 2020). It also appears reasonable. Counsel expended 39.94 hours successfully prosecuting Plaintiff's case, resulting in an effective hourly rate of approximately $426.21. "Taking into account counsel's skill, time expended, and the risk involved with contingent fee arrangements, the Court [should] find such a rate reasonable." *Ellington v. Saul*, 2020 WL 6142246, at *1 (S.D. Ga. Oct. 19, 2020) (Hall, C.J.) (finding effective hourly rate of $510.27 reasonable).

Counsel can obtain a § 406(b) award even after receipt of EAJA fees, but an attorney who receives fees under both the EAJA and § 406(b) must

---

(M.D. Fla. 2011). The Court should award the EAJA fees to Plaintiff, subject to offset by any debt owed by Plaintiff to the United States, and leave it "to the discretion of the government to accept Plaintiff's assignment of EAJA Fees and pay fees directly to Plaintiff['s] counsel after a determination that Plaintiff does not owe a federal debt." *Id.*; *see also Robinson v. Comm'r of Soc. Sec.*, 2015 WL 176027, at *1 (M.D. Fla. Jan. 13, 2015) (allowing EAJA fees "to be paid by virtue of a fee assignment, to plaintiff's counsel by the defendant if the plaintiff does not owe a debt to the United States Department of the Treasury").

7

refund the smaller fee to his client to avoid double recovery. *See Gisbrecht,* 535 U.S. at 796; *Jackson,* 601 F.3d at 1273-74; *Paltan v. Comm'r of Soc. Sec.,* 518 F. App'x 673, 674 (11th Cir. 2013) ("[T]he 'Savings Provision' of the EAJA required [claimant's counsel] to refund either the EAJA award or the § 406(b) award, whichever was smaller."). Here, since the Court is in the unusual posture of awarding both categories of fees at the same time, the Court need not direct counsel to reimburse any prior award. Instead, as counsel has already acknowledged, the EAJA award should be used to offset the § 406(b) award, "so that the amount that the claimant receives for past-due benefits will be reduced only by the amount that the § 406(b) award exceeds the EAJA award." Doc. 24-1 at 5.

The Court should **GRANT** Plaintiff's Unopposed Motion for Attorney's Fees under the Social Security Act and award Plaintiff's counsel fees in the amount of $17,022.90, subject to an offset of any amount ultimately awarded pursuant to the EAJA. Doc. 24.

## III. CONCLUSION

The Court should **GRANT** Plaintiff's Motions for Attorney Fees. Docs. 23 & 24.

8

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** 4th day of May, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA